UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PEEK,<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:21-cv-01828-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY[1]<br><br>(Doc. Nos. 14, 16) |

      Virginia Peek ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income and disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the undersigned on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 14, 16). For the reasons set forth more fully below, the Court denies Plaintiff's motion for summary judgment, grants Defendant's motion for summary judgment, and affirms the Commissioner's decision.

////

////

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 11).

# I. JURISDICTION

Plaintiff protectively filed for supplemental security income and disability insurance benefits on February 15, 2019, alleging a disability onset date of January 1, 2015. (AR 228-38). Benefits were denied initially (AR 75-90, 149-53) and upon reconsideration (AR 91-106, 154-58). Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on August 25, 2020. (AR 48-74). Plaintiff testified at the hearing and was represented by counsel. (*Id.*). The ALJ denied benefits (AR 21-47) and the Appeals Council denied review (AR 4-9). The matter is before the Court under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

# II. BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 60 years old at the time of the hearing. (AR 55). She has a Bachelor of Science in health administration. (*Id.*). She has a work history as a vocational instructor, medical biller and coder, hotel manager, and front desk clerk. (AR 56-59, 67-68). Plaintiff testified that she stopped working because she could not lift anything, was vomiting "all the time," was nauseated all the time, had anxiety attacks, and had memory problems. (AR 60). She had a breast lump removed in 2016, and the medication for the breast cancer made her feel nauseous and vomit. (AR 62-63). Plaintiff testified that she has pain and "crunching" in her neck and "constant" pain in her lower and middle back. (AR 63). She can stand for a maximum of 15 minutes, uses a cane and knee braces, has "bad days" four to five days out of the week, and can sit for a maximum of 30 minutes. (AR 64-65). Plaintiff reported hand pain and swelling, and difficulty writing or typing. (AR 65).

# III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial

evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV.   SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity,"

the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the

claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.   ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 1, 2015, the alleged onset date. (AR 27). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; degenerative disc disease of the bilateral hips; osteoarthritis of the hands; and obesity. (AR 27). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 34). The ALJ then found that Plaintiff has the RFC to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following modifications: occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch and crawl; no more than frequently handle, finger, and feel with the bilateral upper extremities; as well as is precluded from complex tasks, but could perform simple and detailed tasks.

(AR 34-35). At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a front desk clerk. (AR 40). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 1, 2015, through the date of

5

the decision. (AR 41).

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act and disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issue for this Court's review: whether the ALJ properly weighed the medical opinion evidence. (Doc. No. 14 at 17-24).

## VII. DISCUSSION

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence

6

>and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
>(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence. *Id.* at 792. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id*. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

In April 2019, Eural Gordon, PA-C completed a one and a half page "physical assessment" of Plaintiff and opined that she could only walk a half a block without rest or significant pain; she could sit and stand/walk for only one hour in an 8-hour workday; she would need to take unscheduled breaks every hour for 15-30 minutes at a time; she could occasionally lift and carry less than 10 pounds; she could never carry ten pounds or more; she could use bilateral hands to grasp, turn, and twist objects 10% of an 8-hour workday; she could use bilateral fingers for fine manipulation 5% of an 8-hour workday; and she would be absent from work more

7

than 4 times per month as a result of her impairments. (AR 513-14). The ALJ found this opinion was unpersuasive. (AR 40).

First, as to the consistency factor, the ALJ found Mr. Gordon's opinion was unpersuasive because there was substantial objective evidence showing improvement with pain management and physical therapy. (*Id*.); 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)(" The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be"); *see also Warre v. Comm'r of Soc. Sec. Admin*., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). In support of this argument, the ALJ's decision included citations to the lack of evidence of lumbar radiculopathy upon EMG; reports of 50% pain relief in November 2017; multiple reports by Plaintiff in 2018 that she was improving "overall" and pain medications were helpful; imaging results indicating mild to moderate degenerative disease of the lumbar spine in 2017; improvement of symptoms with treatment in 2019; observations of normal gait and somewhat diminished lower extremity strength; variable findings regarding range of motion; consistent reports of improvement with chiropractic care in 2020; and multiple reports that her pain levels increased when she was not receiving treatment. (AR 465 (normal range of motion without obvious weakness), 482, 484 ("moderate functional improvement"), 486, 488 (pain "eases up to the point it's not debilitating" and pain medications helpful), 495, 576, 579 (pain " beginning to return with lack of chiro treatment"), 582 (radiation to lower extremities "almost completely resolved with chiro treatment"), 585 ("significant decrease in symptoms" after chiropractic care), 588 (symptoms continue to improve and decrease in intensity after chiropractic care), 748 (reporting she did not want to take pain medications), 755, 767-69 (noting increase in symptoms but "poor compliance"), 770 ("significant improvement in her pain levels" after last chiro visit), 781 ("exacerbation" of symptoms in the absence of treatment), 797, 884 (reported pain but only intermittent), 966, 969 (reported steady improvement in symptoms with physical therapy treatment), 975, 984).

////

1    Plaintiff argues the ALJ's rejection of Mr. Gordon's opinion "is supported by cherry
2 picked evidence" that "comes at the expense of other evidence which belies the ALJ's
3 conclusion." (Doc. No. 14 at 20). In support of this argument, Plaintiff cites progress notes
4 indicating that although there is evidence that her symptoms had improved, Plaintiff was still
5 experiencing pain in her back and lower extremities. (AR 585 (back pain still radiating), 767
6 (back pain increased after trip to Las Vegas), 770 (pain returned after pushing shopping cart),
7 788, 796, 887 (continuing to experience pain after resuming chiropractic treatment)). Even under
8 the new regulations, the ALJ may not "cherry-pick" evidence in discounting a medical opinion.
9 *See Buethe v. Comm'r of Soc. Sec.*, 2021 WL 1966202, at *5 (E.D. Cal. May 17, 2021)
10 (collecting cases under new regulations where district courts have "remanded where evidence
11 supporting or consistent with a rejected medical opinion was ignored."); *Timothy P. v. Comm'r
12 Soc. Sec. Admin.*, 2022 WL 2116099, at *9 (D. Or. June 13, 2022) ("Although *Woods* made it
13 clear that the hierarchy among physicians' opinions no longer applies in this Circuit, the court did
14 not address whether the new regulations upend the entire body of caselaw relating to medical
15 evidence… It remains true that the ALJs may not cherry-pick evidence in discounting a medical
16 opinion."). However, as noted by Defendant, the ALJ did review the medical evidence and other
17 evidence of record as part of the summary of medical evidence, including Plaintiff's reports of
18 continued pain during chiropractic treatment. Doc. No. 16 at 9 (citing AR 37-39). Thus, when
19 viewing the medical record as a whole, it was reasonable for the ALJ to conclude that the severity
20 of limitations assessed in Mr. Gordon's opinion were not consistent with Plaintiff's ongoing
21 reports of improvement with treatment. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)
22 ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's
23 conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (ALJ
24 is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony).
25    The ALJ additionally noted that "the extent of the claimant's activities of daily living that
26 include exercising more and taking a trip to Las Vegas suggests that she would have more
27 functional ability than opined." (AR 40, 543 (instructed by Mr. Gordon to increase daily
28 activities and exercise more), 624 (reported exercising more), 767). As further detailed in the

ALJ's decision, those activities of daily living also included performing household chores and shopping, "albeit with difficulty." (AR 36, 40, 800). Plaintiff argues the ALJ fails to explain how her ability to do "these meager activities" undermines Mr. Gordon's opinion. (Doc. No. 14 at 23). However, an ALJ may discount a medical opinion that is inconsistent with a claimant's reported functioning. *See Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 601-02 (1999). Thus, it was reasonable for the ALJ to discount Mr. Gordon's opinion because it was inconsistent with the severity of the opined limitations, including limiting to her to walking only half a block, and needing to take a break every hour for 15-30 minutes. (AR 513). Finally, even assuming, *arguendo*, that the ALJ erred in considering Plaintiff's daily activities, any error is harmless because the ALJ supported the consistency analysis with substantial evidence, as discussed in detail above. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion).

Second, as to supportability, the ALJ found the opinion "is not supported by a reasonable explanation and appears to rely entirely upon the claimant's subjective complaints." (AR 40). The Ninth Circuit has held that "the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusion." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020); *see also Gitchell v. Comm'r of Soc. Sec.*, 2023 WL 1785914, at *15 (E.D. Cal. Feb. 6, 2023) (holding ALJ appropriately considered supportability factor by finding opining doctor did not cite to specific objective findings to support his opinions). Plaintiff argues the ALJ's analysis is legally insufficient because "the record contains an abundance of objective evidence and probative examination findings that support PA Gordon's opinion" including lumbar spine trigger points, decreased range of motion, decreased sensation to pin prick in right lower extremity, positive Kemp's test, positive straight leg raising, right lower extremity dermatomes, weakness to abdominal and lower body musculature, and February MRI findings of canal stenosis at L4-5 and L5-S1. (Doc. No. 14 at 21 (citing AR 478-79, 482, 504-05, 749-50, 753, 768, 771, 774, 779, 789, 796, 803, 807)). However, as noted by Defendant, under the new regulations "the more relevant the objective medical evidence and supporting explanations *presented by a medical source* are to

support" the medical opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(1); 416.920c(c)(1)(emphasis added). Here, the only arguable explanation presented by Mr. Gordon in the opinion is a list of diagnoses, including back pain and arthritis, without any accompanying objective medical findings. The Ninth Circuit has held that when a treating physician's check-box opinion was "based on significant experience with [Plaintiff] and supported by numerous records, [it was] therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit." *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014). Plaintiff, however, does not argue that Mr. Gordon's treatment notes would support the "otherwise unexplained" "check-box form," *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to address issue not raised with specificity in Plaintiff's briefing); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). Based on the foregoing, the Court finds no error in the ALJ's assessment of the supportability factor.

After viewing the ALJ's reasoning in light of the record as a whole, the Court concludes that the ALJ's finding that Mr. Gordon's opinion was not persuasive was supported by substantial evidence after proper consideration of the supportability and consistency factors.

## VIII.   CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence. 42 U.S.C. § 405(g). As discussed in detail above, the ALJ properly considered the medical opinion evidence. After review, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED.
2. Defendant's Cross-Motion for Summary Judgment (Doc. No. 16) is GRANTED and the decision of the Commissioner of Social Security is AFFIRMED for the reasons set forth above.

3. The Clerk is directed to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

Dated:   April 24, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE